IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DOLORES R. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 315-010 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Dolores R. Jackson appeals the decision of the Acting Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff applied for DIB on April 17, 2012, alleging a disability onset date of August 26, 2011. Tr. ("R."), pp. 251-54, 268. Her last insured date for purposes of the DIB application is December 31, 2016. R. 119, 268. Plaintiff was forty-eight years old at her alleged disability onset date and was fifty years old at the time the Administrative Law Judge ("ALJ") issued the

decision currently under consideration. R. 128, 147. Plaintiff has a twelfth-grade education, but she did not obtain a diploma. R. 141. Prior to her alleged onset date, Plaintiff had worked for approximately sixteen years as a bag inspector. R. 141, 271. Plaintiff applied for disability based on allegations of herniated discs and pinched nerves in her lower back, right leg problems, and asymptomatic HIV. R. 148, 279.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 177-204. Plaintiff then requested a hearing before an ALJ, R. 212-13, and the ALJ held a hearing on July 1, 2013. R. 134-76. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Dian Lee Haller, a Vocational Expert. Id. On August 22, 2013, the ALJ issued an unfavorable decision. R. 114-33.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 26, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

2. The claimant has the following severe impairments: obesity, right knee arthralgia, and lumbar degenerative disc disease (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b) except the claimant is allowed a sit stand option where she can change position as often as every 30 minutes.[1] The claimant can never climb ladders, ropes,

---

[1]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and

2

or scaffolds. The claimant can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. The claimant must avoid uneven surface walking and dangerous work hazards such as unprotected heights and dangerous moving machinery. The claimant requires the opportunity to use a cane. The claimant's work is limited to routine, uninvolved tasks at a non-production rate/fast assembly pace because she can be distracted by pain. Thus, the claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569 and 404.1569(a)), including cashier, assembler, and ticket seller. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from August 26, 2011, the alleged onset date, through the date of the ALJ's decision, August 22, 2013 (20 C.F.R. § 404.1520(g)).

R. 119-28.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in evaluating medical opinion evidence, and because the AC erred in refusing to remand Plaintiff's claim to the ALJ based on the submission of new and material evidence. See doc. no. 11 ("Pl.'s Br."). The Commissioner maintains that the ALJ properly evaluated the medical evidence in determining a valid RFC for Plaintiff and that the evidence

---

pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

3

submitted to the AC does not have any impact on the ALJ's RFC determination. See doc. no. 12 ("Comm'r's Br.").

## II. DISCUSSION

### A. Standard of Review.

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of

fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### B. The AC Erroneously Failed to Consider New Evidence.

The AC did not review approximately 100 pages of additional evidence based on the determination that the evidence concerned a "later time" that was irrelevant to the ALJ's August 22, 2013 disability determination. R. 2. That evidence covered treatment records from four doctors who treated Plaintiff from September 26, 2013 through November 11, 2014, including Hugh Smisson, M.D., who performed Plaintiff's right L5-S1 lumbar microdiskectomy on January 14, 2014, and Donald H. Rosenbaum, DO, who discussed total knee replacement as a treatment option for Plaintiff's right knee pain. R. 9-11, 33-36, 56-103, 113. Those nearly 100 pages of un-reviewed records also included treatment notes from the Axis Pain Center and Georgia Neurological Institute, as well as a September 5, 2013 radiology report showing a large central L5-S1 disc herniation with moderately severe spinal stenosis. R. 12-32, 37-55, 113.

Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). Moreover, "[w]ith a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including when asking the AC to review the ALJ's decision. Id. at 1261. Although the AC may exercise its discretion not to review the ALJ's decision, the AC "must consider new, material, and chronologically relevant evidence" submitted by a claimant. Id.; see also 20 C.F.R. § 404.970. New evidence is material if it is relevant and probative such that "there is a reasonable possibility" of changing the administrative result. Washington v. Soc. Sec. Admin., Comm'r, -F.3d-, No. 15-10413, 2015 WL 7729553, at *3 (11th Cir. Dec. 1, 2015) (quoting Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)); see also Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). Evidence of medical treatment post-dating the ALJ's decision may be chronologically relevant. Washington, 2015 WL 7729553, at *4. When the AC denies review after refusing to consider new evidence, that decision is subject to judicial review. Id. at *3. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id.

The additional evidence at issue here must be viewed in light of the findings relied upon by the ALJ to determine Plaintiff was not disabled. In reviewing Plaintiff's degenerative disc disease, the ALJ cited a September 2011 MRI of Plaintiff's spine numerous times for the proposition that no stenosis was indicated, thereby minimizing Plaintiff's physical impairments, and undercutting her credibility as it relates to her subjective complaints of pain. R. 122, 124, 125, 126. However, records from Dr. Bangiyev dated September 12, 2013, less than one month

6

after the ALJ issued her decision and over one year before the AC refused to review the ALJ's decision, state that Plaintiff has a "[l]arge central L5-S1 disc herniation with moderately severe spinal stenosis." R. 776. This statement is confirmed by a September 5, 2013 radiology report also submitted to the AC. R. 2, 113. The additional evidence also undercuts the ALJ's conclusion that Plaintiff "had conservative treatment for her back pain that did not include surgery." R. 125. Plaintiff's January 14, 2014, back surgery is noted multiple times in the additional information. See, e.g., R. 56, 78, 86, 88.

Additionally, the ALJ noted multiple times that Plaintiff ambulated with a normal gait. R. 122, 124, 125. The new records document "a slow shuffling gait" and a "right lower extremity footdrop." R. 66. Moreover, after having completed arthroscopic knee surgery as noted by the ALJ, R.124, Plaintiff still had pain after multiple injections and physical therapy, causing Dr. Rosenbaum to consider total knee replacement surgery for Plaintiff. R. 9. Records from the Axis Pain Center dated November 11, 2014 state Plaintiff was scheduled to have a total right knee replacement on November 25, 2014. R. 20.

Because this additional evidence raises significant questions about the bases upon which the ALJ evaluated Plaintiff's two main allegations of disability, back pain and right knee pain, the AC erred in refusing to review the additional evidence, and the administrative decision as it currently stands is not supported by substantial evidence. The evidence is chronologically relevant even though the AC rejected it out of hand as relating to a "later time." R. 2. The Eleventh Circuit has made clear that chronological date alone is not dispositive. Washington, 2015 WL 7729553, at *4. Similar to Washington, there is no assertion or evidence that Plaintiff's knee or back problems suddenly worsened in the period following the ALJ's decision.

In fact, the treatment notes document the progression of treatment that started well before the ALJ's decision and culminated in back surgery and an appointment date for total knee replacement when lesser treatment did not resolve the problems. Indeed, it is hard to imagine that approximately two weeks after the ALJ's decision, Plaintiff suddenly developed the large central L5-S1 disc herniation with moderately severe spinal stenosis documented in the September 5, 2013 radiology report. R. 113.

There is also a reasonable possibility that the additional evidence would change the administrative result. Washington, 2015 WL 7729553, at *3. The Commissioner focuses her argument on the July 31, 2013 notes of Dr. Bangiyev to contend there would likely be no change to the administratively result. Comm'r's Br., pp. 12-14. She, as did the AC, dismisses the bulk of the additional evidence because it details treatment received after August 22, 2013 and suggests that Plaintiff makes no attempt to demonstrate that it supports a finding of disability prior to August 22, 2013. Id. at 14-16. The Court disagrees and finds Plaintiff's summary in her reply brief particularly cogent:

> When the ALJ says you have degenerative disc disease, and you have a herniated disc that requires surgery, that seems to be a significant change. When the ALJ says you have right knee arthralgia, and you have neuropathy in both your legs and a right knee that need replacing, that would seem to be a significant change as well. The bottom line is that the additional evidence showed what was [the] **actual** nature and severity of [Plaintiff's] medical conditions . . . .

Doc. no. 15, p. 7 (emphasis in original).

The Court in no way suggests that consideration of this additional evidence requires a finding of disability. The test on review in this Court is reasonable possibility. As discussed above, the ALJ repeatedly discounted the extent of Plaintiff's knee and back problems, as well as

discounted Plaintiff's credibility, based on the absence of medical support that can be found, at least in some measure, in the additional evidence. A mere statement by the Commissioner that the new evidence would not ultimately change the disability determination will not suffice because it is the province of the ALJ to examine the entirety of the record evidence and deliver a decision that weighs that evidence in its totality. See Caulder v. Bowen, 791 F.2d 872, 877-78 (11th Cir. 1986); see also Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

Because the additional evidence must be considered and weighed against the totality of the record evidence, the Court need not address Plaintiff's remaining contention that the ALJ's evaluation of the medical opinion evidence, conducted without the additional evidence, was improper. The Court should not conduct its own review of the entirety of the medical evidence prior to allowing the Commissioner to conduct her own administrative evaluation of the evidence in the first instance. See Mills, 226 F. App'x at 931-32; Martin, 748 F.2d at 1031.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and

that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 15th day of December, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA